## YOUNG *v.* WARDEN OF MARYLAND PENITENTIARY

[App. No. 143, September Term, 1963.]

*Decided May 8, 1964.*

654

Before Brune, C. J., and Henderson, Hammond, Horney, Marbury and Sybert, JJ.

Per Curiam.

In this case the applicant for leave to appeal was convicted of rape. Relied on for post conviction relief is the claim that a police sergeant, who worked on the case, either was told, or from statements made to him by accomplices of the applicant should have realized, that the accused had had relations with the victim on prior occasions and withheld this fact at the trial, with the result that Judge Carter was "defrauded" as to the evidence.

The applicant claims that he could not have made this contention in a former petition under the Act because he did not know when he filed that petition that there was in the file of the State's Attorney a statement by the sergeant which supported his claim. Assuming that this contention relieves the applicant from the bar of Code (1963 Cum. Supp.), Art. 27, Sec. 645H, and Md. Rule BK48, the application for leave to appeal must be denied. Judge Harlan below gave careful consideration to the entire file and all the circumstances, and concluded that, on the facts, there was nothing to show "that a fraud was perpetrated on Judge Carter or that certain material facts were not brought to light." We adopt his opinion.

*Application denied.*